UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Nos.: |
| Plaintiff, | ) | 6:08-cr-123-ART-HAI-2 |
| | ) | 6:10-cr-03-GFVT-HAI-1 |
| V. | ) | |
| | ) | |
| STACY STACEY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition ("R&R") of United States Magistrate Judge Hanly A. Ingram [R. 59] filed herein on July 22, 2016.  The Defendant, Stacy Stacey, was charged with four violations of her supervised release: (1) using marijuana, a controlled substance; (2) committing a federal, state, or local crime related to marijuana use; (3) using buprenorphine (Suboxone), a Schedule III controlled substance; and (4) committing a federal, state, or local crime related to buprenorphine use.  [R. 59 at 3.]

The Defendant began her initial supervised release term on April 25, 2014.  [*Id.* at 1.] She first violated the terms of her supervised release in September 2014 by using marijuana.  [*Id.* at 2.]  At that time, the court revoked Stacey's supervised release; sentenced Stacey to ten months to be served concurrently with her sentence in 6:08-CR-123-ART; and reimposed supervised release for a period of twenty-six months to be served concurrently with the above-mentioned violation.

The Defendant's current supervised release violation is outlined in a Supervised

Violation Report issued by the United States Probation Office on July 12, 2016 with an

addendum issued July 18, 2016.  [*Id.* at 2.]  The four violations listed above arose from a urine

specimen the Defendant submitted for testing on June 23, 2016 which tested positive for

marijuana and buprenorphine.  On July 21, 2016, Magistrate Judge Ingram held a final hearing

regarding revocation of Defendant's supervised release.  Defendant waived a formal hearing and

stipulated to the violations set forth in the Supervised Release Violation Report dated July 12,

2016.  [R. 58]

Upon evaluation of the entire record, including the most recent Supervised Release

Violation Report, Addendum, and accompanying documents; the sentencing materials from the

underlying judgments in this District; and the documentation concerning Defendant's previous

violations, Magistrate Judge Ingram issued an R&R recommending revocation and

reincarceration in each case for a term of eighteen months, to be served concurrently, and no

supervised release to follow imprisonment.  The R&R advised that the outstanding charge in the

Presentence Investigation report has been resolved and it recommended a halfway house as a

means of transition after incarceration for the Defendant.  [R. 59 at 8.]   Additionally, the

Defendant's right of allocution was preserved in the R&R but subsequently waived by the

Defendant's on July 22, 2016.  [R. 60.]

In making this recommendation, Judge Ingram notes that Stacey has repeatedly breached

the trust of the Court and, for that reason, recommended an upward departure from the

Guidelines.  [R. 59 at 7.]   Defendant and the Government were in agreement with an upward

departure from the Guidelines.  [*Id.*]  Additionally, Judge Ingram notes in support of an upward

departure that the Defendant's drug offenses have been serious and the Defendant is potentially

dangerous when using drugs and that, even though drug treatment has been ineffective, the

Defendant must be deterred from using drugs, the public must be protected, and the breach of the Court's trust must be punished.  [*Id.* at 8.]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c).  When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Parties who fail to object to a Magistrate's recommended disposition are also barred from appealing a district court's order adopting that report and recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.      The Magistrate's Recommended Disposition [**R. 59**] as to Stacy Stacey is **ADOPTED** as and for the Opinion of the Court;

2.      Stacy Stacey is found to have violated the terms of her Supervised Release as set forth in the Petition filed by the United States Probation Office and the Recommended Disposition of the Magistrate Judge;

3.      Ms. Stacey's Supervised Release is **REVOKED**;

4.      Ms. Stacey is hereby sentenced to a term of incarceration for **eighteen (18) months** with no supervised release to follow; and

5.      The outstanding charge in the Presentence Investigation Report is resolved.

6.      Additionally, the Court **RECOMMENDS** that Ms. Stacey be released to a halfway house as a means of transition after her period of incarceration.

This 26th day of October, 2016.

Gregory F. Van Tatenhove
United States District Judge